**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 09-5-JBC**

**CHARLES CHRISTOPHER COX,**                                              **PLAINTIFF,**

**V.**                               **MEMORANDUM OPINION AND ORDER**

**JAMES CROWE, ET AL.,**                                              **DEFENDANTS.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court upon the defendants' motion to dismiss (R. 5). The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion insofar as it seeks dismissal of the conspiracy and substantive-due-process claims but will permit the First Amendment and procedural-due-process claims to proceed.

**I.     Background**

The plaintiff, Charles Christopher Cox, alleges that the defendants, the City of Irvine, Kentucky and its mayor, city council members, and police chief, violated 28 U.S.C. §§ 1983 and 1985 and the First, Fifth, and Fourteenth Amendments to the United States Constitution when they terminated his employment with the city's police department. According to the complaint, the police chief issued a policy forbidding employees of the police department from having contact with Denny Glen Young. After the policy was issued, the plaintiff continued to associate with Young when he was not working. Also, on December 7, 2007, the plaintiff

appeared, pursuant to a subpoena, in Owsley Circuit Court to testify in a matter regarding Young.  Approximately one week later, the police chief gave the plaintiff a verbal warning in relation to his contact with Young.  The police chief allegedly said that he would tell the mayor that the plaintiff had been associating with Young and suggested that the plaintiff's home and job would be in jeopardy.

The City Council held a hearing on January 7, 2008, to discuss the plaintiff's employment.  After the hearing, the Council terminated the plaintiff for poor work performance and violation of work standards.  The plaintiff then filed the instant action on January 6, 2009.

## II.    Analysis

### A.    Statute of Limitations

The plaintiff's claims are barred by the statute of limitations because the alleged conduct which forms the basis of the claims occurred before January 6, 2008, one year before the complaint was filed.  All claims based on conduct that occurred before January 6, 2008, are untimely and must be dismissed.  Thus, the plaintiff's claims concerning the verbal warning that he received on December 15, 2007, cannot proceed.  The plaintiff's claims regarding his termination, however, are not barred by the statute of limitations.

The 'discovery rule' ordinarily establishes the date on which the statute of limitations begins to accrue.  *Sharpe*, 319 F.3d at 266 (citing *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1986)).  A plaintiff is said to have discovered the injury

2

when an event occurs that "should have alerted the typical lay person to protect his or her rights." *Id.* (citing *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991)). The instant plaintiff discovered his injury related to the policy when he received a verbal warning from the police chief.  Since this happened over one year from the filing of the complaint, those claims are barred.

On the other hand, the plaintiff's claims concerning his termination were filed within the applicable statute of limitations.  Each discrete act of discrimination, such as a termination, constitutes a separate actionable offense.  *See National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (interpreting Title VII of the Civil Rights Act of 1964); *see also Sharpe*, 319 F.3d at 267 (holding that the reasoning in *Morgan* should be applied to § 1983 claims).  In addition,

> [t]he existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.

*Morgan*, 536 U.S. at 113.  Therefore, the statute of limitations does not preclude the claims concerning the plaintiff's termination, which he discovered on January 7, 2008.  Even though the termination may be related to the issuance of the policy and the verbal warning, it must be considered an independent discriminatory act. Such a conclusion is logical since only the police chief could have committed the alleged discriminatory acts related to the issuance of the policy and the verbal

warning.  The termination, however, also involves the mayor and City Council.

      **B.**    **Intra-corporate Conspiracy Doctrine**

Even though it is not barred by the statute of limitations, the § 1985 claim

must be dismissed because of the intra-corporate conspiracy doctrine.  In order to

establish a claim under § 1985(3), the plaintiff must prove:

> (1) a conspiracy involving two or more persons (2) for the
> purpose of depriving, directly or indirectly, a person or
> class of persons of the equal protection of the laws and
> (3) an act in furtherance of the conspiracy (4) which
> causes injury to a person or property, or a deprivation of
> any right or privilege of a citizen of the United States.

*Johnson v. Hills & Dales General Hospital*, 40 F.3d 837, 839 (citing *Hilliard v.*

*Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994)).  However, a corporation cannot

conspire with its own agents or employees.  *Id.* (citing *Hull v. Cuyahoga Valley*

*Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 510 (6th Cir.)).  This rule,

known as the intra-corporate conspiracy doctrine, applies to governmental bodies

as well as corporations.  *Brace v. Ohio State University*, 866 F.Supp. 1069, 1075

(S.D. Ohio 1994).  The defendants here include the City of Irvine, Kentucky, and its

mayor, police chief and members of the City Council.  Because all of the defendants

are members of the same collective entity, the City, they cannot be considered as

two or more separate persons for the purposes of forming a conspiracy.  *Hull*, 926

F.2d at 510.  Thus, the plaintiff has failed to plead a material element, "a

conspiracy involving two or more persons," and the claim must be dismissed.

The intra-corporate conspiracy doctrine does not apply in cases where the

4

employees or agents "act[ed] far outside the 'course of employment.'" *Grose v. Mansfield Correctional Institution*, No. 1:06-CV-2720, 2007 WL 2781654, at *3 (N.D. Ohio Sept. 24, 2007) (citing *Johnson*, 40 F.3d at 841). The instant plaintiff sued the public-official defendants in their individual and official capacities. Nothing in the complaint, however, suggests that those defendants acted outside of the course of employment. Therefore, the course-of-employment exception does not prevent the application of the intra-corporate conspiracy doctrine.

**C.    Failure to Plead with Specificity**

The § 1983 claims fail since the plaintiff did not plead with specificity all elements of the alleged conspiracy. "Claims of conspiracy must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claims." *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004) (citing *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987) (citation omitted)). To succeed on a civil-conspiracy claim, the plaintiff must show the existence of "an agreement between two or more persons to injure another by unlawful action." *Weburg v. Franks*, 229 F.3d 514, 526 (6th Cir. 2000). The plaintiff also must establish "that there was a single plan, that the alleged co-conspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985).

The complaint does not meet the heightened standard of pleading required

5

for civil conspiracy claims.  The plaintiff did not plead any facts concerning an agreement, a plan, or a conspiratorial objective.  He merely states that the defendants "conspired and targeted the Plaintiff for termination" and "[t]he adverse employment action directed against the Plaintiff occurred after there was a meeting of the minds among the Defendants to conspire to violate the Plaintiff's civil rights."  R. 1.  These statements are conclusory and do not contain the necessary factual allegations to support a claim of civil conspiracy.  *See Varjen v. Cleveland Gear Co., Inc.*, 250 F.3d 426, 429 (6th Cir. 2001) (quoting *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) (The court "need not accept as true legal conclusions or unwarranted factual references.")).

### D.    First Amendment Retaliation

While the plaintiff's specific theories for relief are unclear, he apparently alleges a retaliation claim under the First Amendment in relation to his termination. Because the defendants' motion does not address the First Amendment retaliation claim, that claim may proceed.

### E.    Duplicative Claims

The substantive-due-process claims must be dismissed because they simply duplicate the First Amendment claims raised by the plaintiff.  "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing

6

these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)).  The defendants argue that the plaintiff's substantive- and procedural-due-process claims must be dismissed, but they do not cite any authority that requires the dismissal of the procedural-due-process claims. The court, therefore, declines to dismiss the procedural-due-process claims as duplicative.

**III.    Conclusion**

Accordingly,

**IT IS ORDERED** that the defendants' motion to dismiss (R. 5) is **GRANTED IN PART** and **DENIED IN PART** in accordance with this opinion.  All claims relating to civil conspiracy and substantive due process are **DISMISSED**.  The only claims that remain are those involving events that occurred after January 6, 2008, and concern the plaintiff's First Amendment and procedural-due-process claims.

Signed on  June 3, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY