UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 09-5-JBC

CHARLES CHRISTOPHER COX,                                          PLAINTIFF,

V.                      MEMORANDUM OPINION AND ORDER

JAMES CROWE, ET AL.,                                              DEFENDANTS.

\* \* \* \* \* \* \* \* \* \* \*

This matter before the court on defendants' motion for summary judgment. For the reasons below the motion will be denied in part and granted in part.

I.  **Background**[1]

This case arises from the termination of plaintiff Charles Christopher Cox from his position as police officer for the City of Irvine on January 7, 2008. On April 26, 2004, defendant Police Chief James Crowe issued an order forbidding any officer from having contact with Constable Danny Glenn Young. Cox continued his off-duty friendship with Young by discussing a drug bust with him while off-duty after the order was entered.

At a bond hearing for Young on December 7, 2007, Cox testified for Young while off-duty. During his testimony, he vouched for Young's character and stated that he and Young had worked together on several occasions, including the drug buy. When

---

[1] As all evidence must be viewed in favor of the nonmoving party, the court accepts all facts presented by Cox as true for the purpose of this motion. *Schreiber v. Moe*, 596 F.3d 323, 329 (6th Cir. 2010)

1

asked who he relies on in the course of his duties, Cox stated "There's very few I trust to come to me right now." R. 53-15 at 6. When asked, "Are you basically saying that you don't have trust or faith in – in any of those other officers to be straight with you, that you can trust them not to tip off defendants and the like," Cox responded, "That's exactly what I'm saying." *Id*.

On December 15, 2007, Crowe reprimanded Cox in writing for his testimony at the bond hearing. Crowe ordered Cox not to testify again for Young. Cox was formally charged on January 2, 2008, with six counts: insubordination; unbecoming conduct; making public statements criticizing the police department; failure to immediately notify the Chief of Police of the receipt of evidence; failure to complete department mileage reports; and violation of rules, regulations and orders, including the no-contact order as to Young. A special meeting of the City Council regarding the charges was held on January 7, 2008. The Council found four of the six counts were substantiated (insubordination; failure to notify about the receipt of evidence; failure to complete mileage reports; and violation of rules, regulations and orders) and terminated Cox.

Cox states that the actual reason for his termination was his personal friendship with Young and his testimony at the bond hearing. Cox filed a complaint with this court, asserting a procedural due process violation and violation of his rights to freedom of speech and association.[2] The defendants moved for summary judgment on Cox's First

---

[2]The parties have characterized freedom of association as falling only under the First Amendment. However, freedom of association receives protection under both the Due Process Clause of the Fourteenth Amendment and the First Amendment. *Roberts v. U.S. Jaycees*, 468 U.S. 609, 617-18 (1984). Thus, this court will construe Cox's claim under both constitutional provisions.

Amendment and due process claims and on the issue of qualified immunity.

## II. Qualified Immunity

The defendants are not entitled to qualified immunity for Cox's freedom-of-speech claim. Qualified immunity protects a government official performing discretionary functions from liability when his or her conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether qualified immunity applies, the court uses a two-prong test: (1) whether the plaintiff has shown that a constitutional violation has occurred; and (2) whether the claimed constitutional right was clearly established at the time of the violation. *Phillips v. Roane Cnty.*, 534 F.3d 531, 538-39 (6th Cir. 2008) (citing *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006)).

### A. Constitutional Violation

To determine whether a constitutional violation has occurred, a plaintiff must establish a prima facie case, which requires a showing that: (1) he engaged in protected conduct; (2) he suffered an adverse action; and (3) his protected conduct was a substantial or motivating factor in the adverse action. *Kelly v. Warren County Bd. Of Com'rs*, No. 09-3316, 2010 WL 3724599, at *3 (6th Cir. Sept. 14, 2010) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999)). Without dispute, Cox has suffered an adverse employment action; thus, this court will evaluate only the first and third prongs.

1. **Protected Conduct**

    a. **Speech**

Cox's statements at the bond reduction hearing were conduct protected by the First Amendment right to freedom of speech, as they: (1) were on a matter of public concern, and (2) overbalanced the interests of the state, as an employer, in promoting the efficiency of the public services it performs though its employees. *Pickering v. Bd. of Ed. of Twp. High School Dist. 205, Will Cnty., Illinois*, 391 U.S. 563 (1968).

Cox's statements regarding the police department are a matter of public concern, as they involve a matter of concern to the community. *Jackson v. City of Columbus*, 194 F.3d 737, 746 (6th Cir. 1999). "The rationale for protecting a public employee's right to comment on matters of public concern is that 'public employees are often the members of the community who are likely to have informed opinions as to the operations of their public employers, operations which are of substantial concern to the public.'" *See v. City of Elyria*, 502 F.3d 484, 492 (6th Cir. 2007) (quoting *City of San Diego v. Roe*, 543 U.S. 77, 82 (2004)). Cox stated at the bond hearing, a public forum, that he does not trust the other officers in his department. R. 53-15 at 110-11. Whether or not Cox was off-duty is immaterial to this analysis. Cox's statements regarding how the police department is operating are protected conduct. *McMurphy v. City of Flushing*, 802 F.2d 191, 196 (6th Cir. 1986). While Cox's statements lack elaboration as to the basis for his opinions, they touch on the concern of the community as to the effectiveness of its police department and the safety of the community served. As there is no evidence that the comments were recklessly made, they fall within First

4

Amendment protection. *See*, 502 F.3d at 493.

The interest of the state as the employer does not overbalance Cox's individual interests, because the defendants have not produced any proof as to what specific harm Cox's statements or his association with Young created. Defendants have not asserted that Cox's comments and actions "actually impeded the police department's general performance and operation or affected loyalty and confidence necessary to the department's properly functioning." *See*, 502 F.3d at 493.

### b. Friendship with Young

If Cox's friendship with Young is analyzed under the Fourteenth Amendment, it must fail because he was afforded adequate procedural rights prior to his termination, even if he engaged in protected conduct. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). Cox states that he was not afforded adequate process because he was not given a copy of: the Code of Conduct he was charged under; the complaint filed by Officer Donald Sheeks stating that Young and Cox associated during a contested traffic stop and trespassed on Sheeks's property; and a complaint filed by Tina Chapman, who testified at the hearing, which states she was asked by Cox and Young to buy drugs for a drug bust. "[T]he root requirement" of the Due Process Clause is notice and an opportunity to be heard before one is deprived of a significant property interest. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (quoting *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971)). This court must weigh the private interest affected; the risk of erroneous deprivation and probative value of additional or substitute safeguards; and the government's interest. *Mathews v.*

5

*Eldridge*, 424 U.S. 319, 335 (1976). A full evidentiary hearing is not necessary in the termination of a public employee. *See Cleveland*, 470 U.S. at 546. A public employee is entitled only "to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id.* Cox had written notice of the charges against him which explained the employer's evidence; had counsel present at the hearing who was able to call witnesses and cross-examine; and was given the opportunity to present his side of the story. The process was adequate to provide Cox with his rights under the Due Process Clause. Therefore, Cox's procedural due process claim cannot survive.

Cox's freedom-of-association claim also fails under a First Amendment analysis, because this association was not in pursuit of political, social, economic, educational, religious or cultural ends. *Roberts*, 468 U.S. at 622. He claims that his association with Young was a social friendship, which does not rise to the level of First Amendment protection.

In summary, Cox's freedom-of-association claim fails under either analysis. His free speech claim, however, does allege that he engaged in protected conduct.

### 2. Substantial or Motivating Factor

Cox has sufficiently alleged that the termination of his employment was motivated, at least in part, by the exercise of his constitutional right to freedom of speech. An "[e]mployee must present sufficient evidence to create a genuine issue as to whether his speech was a substantial or motivating factor in the employer's decision." *Taylor v. Keith*, 338 F. 3d 639, 643 (6th Cir. 2003) (citing *Mt. Healthy City Sch. Dist. Bd.*

6

of Educ. v. Doyle, 426 U.S. 274, 287 (1977)).  "[T]o survive a motion for summary judgment, the employee must present sufficient evidence linking his speech to the employer's adverse decision so that a reasonable factfinder could conclude, by a preponderance of the evidence, that the speech, at least in part, motivated the decision to discharge." *Taylor*, 338 F.3d at 646 (citing *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1055 (6th Cir. 2001)).

Following Cox's testimony at Young's bond hearing, Crowe issued him a written warning.  Later, a complaint was filed against Cox, and he was brought before the City of Irvine Council for a hearing.  With regard to his comments made at the bond hearing, two of the six charges brought against him were for "publicly criticizing and ridiculing the City of Irvine Police Department."  R. 53-18 at 2.  This strikes at the heart of free speech.  The City of Irvine Council found Cox guilty on four of the six charges, which included the charges regarding Cox's association with Young, and immediately afterward terminated his employment.  R. 53-16.  While the Council did not find Cox guilty on the two counts specifically regarding his comments at the bond hearing, a jury could find that the written reprimand, a determination of guilt on two association-related counts and Cox's firing so close to the Council's consideration of all the speech-related charges indicate a motivation to discharge Cox because of his speech.

Defendants have not shown that they would have made the same decision even if the Council had not considered charges which implicated Cox's right to freedom of speech. Causation may be overcome "if the same decision would have been reached had the incident not occurred." *Mt. Healthy*, 426 U.S. at 285.  However, Cox has stated that the actions which make up the two substantiated counts which do not deal with his

7

right to freedom of speech (failure to notify the Chief of receipt of evidence and failing to complete department mileage logs) were common practice among officers in the City of Irvine Police Department. Viewing the facts in favor of Cox, it has not been shown that the defendants would have made the same decision to termination Cox if his comments at the bond hearing were not considered. Defendants assert that they have shown by a "preponderance of the evidence" the same decision would have been made. R. 53-1 at 18. However, such a factual determination is a matter for the jury.

Since Cox has established that he engaged in protected conduct and there is sufficient evidence for a reasonable juror to conclude that Cox's reprimand and termination were motivated by Cox's comments at the bond hearing, Cox has alleged a constitutional violation of his First Amendment right to speech.

### B. Clearly Established Right

Cox's right to freedom of speech was clearly established at the time of the violation, because "the contours of the right [were] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir.2003) (internal citations omitted). A public employee's right to freedom of speech was clearly established when Cox was reprimanded and fired. "All public officials have been charged with knowing that public employees may not be disciplined for engaging in speech on matters of public concern." *Chappel v. Montgomery Cnty. Fire Protection Dist. No. 1*, 131 F.3d 564, 580 (6th Cir. 1997). Public employees' right to freedom of speech has long been protected under the law. *See Pickering*, 391 U.S. at 568; *Anderson v. Evans*, 660 F.2d 153, 157 (6th Cir. 1981).

Freedom of speech is so well established that "if the district court find[s] that Plaintiffs' speech was protected by the First Amendment and so [defendants'] conduct violated their free speech rights under prong one, the district court should also find that the right was clearly established under prong two." *Kindle v. City of Jeffersontown*, 374 F. App'x 562, n. 3 (6th Cir. 2010) (dicta).

As Cox has shown that a constitutional violation occurred and a public employee's right to freedom of speech is clearly established, this court will deny the defendants' motion for summary judgment based on qualified immunity.

### III. Freedom of Speech Claim

As discussed above, a genuine issue of material fact exists as to Cox's free speech claim. Therefore, the court will not grant summary judgment on this issue.

### IV. Freedom of Association and Procedural Due Process Claims

Since Cox was afforded adequate procedural rights prior to his termination, he cannot establish a violation of his right to Fourteenth Amendment due process. Further, as Cox's association with Young was personal and not economic or political in nature, he cannot establish a case for violation of his First Amendment freedom of association. Thus, the defendants' motion for summary judgment as to the freedom-of-association and due process claims will be granted.

### V. Conclusion

Accordingly,

**IT IS ORDERED** that the defendants' motion for summary judgment (R. 53) is **GRANTED** as to Cox's procedural due process and freedom-of-association claims.

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment (R. 53) is **DENIED** as to Cox's freedom of speech claim and defendants' claim to qualified immunity.

Signed on January 5, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY