UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 09-5-JBC

CHARLES CHRISTOPHER COX,                                                    PLAINTIFF,

V.                    **MEMORANDUM OPINION AND ORDER**

JAMES CROWE, ET AL.,                                                         DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendants' supplemental motion for summary judgment. R. 71. For the reasons below, the court will grant the motion.

**I.      Background**

This case arises from the termination of plaintiff Charles Christopher Cox from his position as police officer for the City of Irvine on January 7, 2008, following a hearing of the City of Irvine Council. Cox was formally charged on January 2, 2008, with six counts. The charges were signed by defendants Mayor Ernest Farmer and Chief of Police James Crowe. The charges also informed Cox that a "trial on [the] complaint" would be conducted and he could "avail [himself] of all constitutional rights to which [he is] entitled including, but not limited to, the right to counsel, the right to remain silent, the right to cross-examine witnesses and the right to call witnesses on [his] behalf." R. 53-18 at 3. The charges were sent to Cox with a letter from Farmer informing him of his suspension and giving him the time and place of the hearing.

1

A special meeting of the Irvine City Council was held on January 7, 2008, in accordance with KY. REV. STAT. ANN. § 15.520 (West 2011). The hearing was presided over by Council members: Mayor Ernest Farmer, Councilman Gleenwood Tipton, Councilwoman Janice Bush, Councilman Tommy Bryant, Councilman Billy Arthur and Councilman Bill Eckler. Cox had counsel present who cross-examined witnesses and Cox testified on his own behalf. Crowe was called as a witness at the hearing. After hearing all testimony, the Council went into executive session. Upon returning, the Council[1] found four of the six counts were substantiated. The Council then voted to terminate Cox's employment. Cox's remaining claim is that he was terminated for comments he made which were critical of the Irvine Police Department, in violation of his First Amendment rights.

## II.     Quasi-Judicial Immunity

### A.     Members of the City of Irvine Council

The members of the City of Irvine Council have quasi-judicial absolute immunity from claims against them in their individual capacities. Such immunity is available to state officials who are "performing adjudicatory functions in resolving potentially heated controversies" and "subject to restraints comparable to those imposed by the Administrative Procedure Act. . . ." *Watts v. Burkhart*, 978 F.2d 269, 273 (6th Cir. 1992) (en banc). A "functional approach" is used to determine whether an officer is protected by judicial immunity. *Harlow v. Fitzgerald*, 457 U.S.

---

[1] As defendant Tim Burkhart, a member of the Irvine City Council, did not participate in the termination hearing of Cox, this court will grant summary judgment as to all claims against Burkhart.

800, 810 (1982). This approach requires that these questions be asked: (1) Does the individual perform a traditional adjudicatory function, in that he or she decides facts, applies law, and otherwise resolves disputes on the merits? (2) Are the cases sufficiently controversial that, in the absence of absolute immunity, he would be subject to numerous damage actions? and (3) Does the individual adjudicate disputes against a backdrop of multiple safeguards designed to protect a defendant's constitutional rights? *See Watts*, 978 F.2d at 278.

     First, Council members were performing an adjudicatory function in holding a hearing under KRS § 15.520. While this circuit has not had occasion to determine whether a legislative body holding such a hearing is performing an adjudicatory function, the functions of Council members during the hearing were functionally comparable to those of a judge. *Watts*, 978 F.2d at 273. The record indicates that Council members heard evidence, made findings of fact, applied law, and issued an order enforcing their findings and conclusions. KRS § 15.520 requires that the body holding the hearing afford a police officer due process rights and gives the body traditional judicial powers, such as the power to subpoena and require the attendance of witnesses. KRS § 15.520(1)(h)(6). While Council members are not professional hearing officers, as in *Cleavinger v. Saxner*, 474 U.S. 193 (1985), Council members are independent of outside influence, as they are elected and not subordinate to a higher authority. KRS § 83A.130*; See Butz v. Economou,* 438 U.S. 478 (1978). There is also no evidence presented that council members were under obvious pressure to resolve the dispute in favor of the institution. *Shelly v.*

3

*Johnson*, 849 F.2d 228, 230 (6th Cir. 1988) (quoting *Shelly v. Johnson*, 684 F.Supp. 941, 943 (W.D.Mich., 1987)). Council members have met factors sufficient for this court to find they were performing an adjudicatory function.

Second, as is evidenced by the current lawsuit, Council members decide cases sufficiently controversial that, in the absence of immunity, they would be subject to damages actions. *Williams v. Michigan Bd. of Dentistry*, 39 F.App'x 147, 149 (6th Cir. 2002).

Third, there were multiple safeguards designed to protect Cox's constitutional rights at the hearing. *See* KRS § 15.520(h); *Watts*, 978 F. 2d at 275-776 (emphasizing the procedural safeguards in place and finding that medical examiners qualified for absolute immunity). KRS § 15.520 provides police officers the administrative due process rights of notice and opportunity to be heard, right to counsel, and right to present and cross-examine witnesses. After judgment is rendered, KRS § 15.520 gives an officer the right to appeal to the Circuit Court. *See Corey v. New York Stock Exchange*, 691 F.2d 1205, 1209-10 (6th Cir.1982) ("Paramount among … [the] safeguards" of protecting participants and the integrity of the decision making process "is the right of judicial review."). Having answered the appropriate questions affirmatively, this court will grant the motion for summary judgment for claims against the members of the City of Irvine Council in their individual capacity.

    **B.**    **Mayor Ernest Farmer**

Farmer also enjoys quasi-judicial absolute immunity for claims against him in his individual capacity. As with the Council members, Farmer meets the second and third steps of the *Watts* test. However, Farmer performed other functions which affect the first step of the *Watts* test. Farmer sent the letter to Cox, informing him of his suspension from his position as officer with the City of Irvine Police Department, relating the formal charges against him and notifying him of the hearing to be held on those charges. R. 52-18. Both Farmer and Crowe signed the charges against Cox. However, Farmer's actions are not outside of a traditional adjudicatory function, as judges routinely issue warrants and members of administrative agencies approve charges and then participate in the ensuing hearings. *See Kessel Food Markets, Inc. v. N.L.R.B.*, 868 F.2d 881, 888 (6th Cir. 1989) (finding judges and administrative officers do not exceed the bounds of due process when they perform investigative and judicial functions). Therefore, Farmer's signing of the charges does not cause him to fail step one of the *Watts* test. While Cox has made other claims against Farmer which have been dismissed by this court as barred by the statute of limitations, none of them affects this court's determination that Farmer was performing an adjudicatory function during the hearing. Therefore, this court will grant the motion for summary judgment as to claims against Farmer in his individual capacity.

As this court has determined that all members of the Council, including Mayor Farmer, have met the burden for quasi-judicial absolute immunity, it makes no determination as to legislative immunity.

### III. Absolute Witness Immunity

A witness at a hearing under KRS § 15.520 can claim absolute witness immunity. "[W]itnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings." *Spurlock v. Sattervield*, 167 F.3d 995, 1001 (6th Cir. 1999). Witness immunity, like immunity for judges and prosecutors, is necessary to assure witnesses "can perform their respective functions without harassment or intimidation." *Butz v. Economou*, 438 U.S. 478, 512 (1978). Courts often emphasize the importance of witness immunity in the judicial process. *See Briscoe v. LaHue*, 460 U.S. 325 (1983); *Butz*, 438 U.S. 478. This court determined that Council members performed a traditional adjudicatory function and have met the requirements for quasi-judicial immunity. Therefore, this court finds that the hearing in the instant case was a "judicial proceeding," which would allow for witness immunity.

Crowe is protected by absolute witness immunity, as he testified at a "judicial proceeding." *See Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999) (witness is absolutely immune from liability for any testimony as witness at trial). Crowe could still be held liable for actions outside his testimony, however, assuming the claim is not barred by the statute of limitations, which bars all claims occurring before January 6, 2008. R. 11. This includes the signing of charges against Cox, which are dated January 2, 2008. This court will grant the motion for summary judgment for all claims against Crowe in his individual capacity for claims regarding his testimony at the hearing. Accordingly,

6

**IT IS ORDERED** that the defendants' motion for summary judgment (R. 71) is **GRANTED**. Claims against defendants William Bill Arthur, Thomas Tommy Bryant, Tim Burkhart, Janice Bush, James Crowe, William Bill Eckler, Ernest Farmer, and Woody Tipton in their individual capacities are dismissed. Claims against Tim Burkhart in his official capacity are also dismissed.

Signed on August 26, 2011

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY