UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 09-5-JBC

CHARLES CHRISTOPHER COX,                                          PLAINTIFF,

V.              **MEMORANDUM OPINION AND ORDER**

JAMES CROWE, ET AL.,                                              DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

The matter before the court is the motion of the defendants to alter or amend pursuant to Fed. R. Civ. Pro. 59(e). R. 79. For the reasons below, the court will deny the motion.

Charles Cox, an officer in the Irvine Police Department, testified at a bond-reduction hearing for Denny Glenn Young on December 7, 2007. When asked who he relies on in the course of his duties, Cox stated, "There's very few I trust to come to me right now." R. 53-15 at 6. When asked, "Are you basically saying that you don't have trust or faith in – in any of those other officers to be straight with you, that you can trust them not to tip off defendants and the like," Cox responded, "That's exactly what I'm saying." *Id*. Cox was later terminated following a hearing before the Irvine City Council on January 7, 2008. Cox claims that his comments were a substantial factor in his termination. Defendants challenge this court's denial of their motion for summary judgment on Cox's First Amendment claim. R. 72. They assert that Cox's comments were not protected

1

speech, that the State's interests overbalance Cox's First Amendment interests and that the speech was not a substantial factor in their decision to terminate Cox.

1. **Protected Speech**

Cox's speech may be fairly characterized as a matter of public concern based on the "content, form, and context of a given statement, as revealed by the whole record." *Connick v. Myers*, 461 U.S. 138, 147-48 (1983). The content of the speech, the operation and possible corruption of a police department, is a matter of public concern. *See Id.* (finding that a portion of a questionnaire regarding official pressure of employees to work for political candidate was a matter of public concern, even where the rest of the questionnaire was deemed a mere extension of an employment dispute); *See v. City of Elyria*, 502 F.3d 484, 493 (6th Cir. 2007) (citing numerous Sixth Circuit cases which held that the organization and corruption of police departments are a matter of public concern). The speech itself was in direct response to a series of questions regarding who he trusts in his department. R. 53-15 at 6.

While the record shows that there were conflicts between Cox and his employer, they do not rise to the level at which courts have found speech to be a personal vendetta. *See McMurphy v. City of Flushing*, 802 F.2d 191 (6th Cir. 1986). While Cox, along with all officers in the department, was ordered not to have contact with Young, the record does not indicate any conflict regarding this order until after Cox's testimony. Additionally, there was an order directing Cox to

2

stay away from Officer Don Sheeks's property after Sheeks made a complaint. The record indicates that Cox was investigating Sheeks's wife, though whether this investigation was official is unclear. However, nothing in the record indicates any confrontations or further conflict between Cox and his employer regarding Sheeks. Unlike in *McMurphy,* where the district court conducted a two-day hearing regarding the events surrounding the discharge and thus had a substantial record from which to draw the conclusion that the statements were the result of a personal grievance rather than a public one, this court has only the pleadings and exhibits to make its determination and must draw inferences in the light most favorable to the party opposing the motion. *US v. Diebold, Inc.*, 396 U.S. 654, 655 (1962). The record, viewed in the light most in favor of Cox, shows that he had concerns regarding the Irvine Police Department, which he stated at a public judicial proceeding, which may be fairly characterized as a matter of public concern.

2.  **Balancing Test**

The balance between Cox's right to comment on matters of public concern and the state's right as an employer in promoting the efficiency of the public services it performs through its employees weighs in favor of Cox. *Pickering v. Board of Regents*, 391 U.S., 563, 568 (1968); *Solomon v. Royal Oak*, 842 F.2d 862, 865 (6th Cir.1988) (citing *Pickering*, 391 U.S. at 569-73). Given the public importance of exposing trust issues within a police department, Cox's interest is

3

great. While the statement that Cox did not trust his fellow officers could foment controversy and disruption, impede the department's general performance and operation, and affect loyalty and confidence, no evidence in the record shows that the comments actually had any of these effects, and all of those interests are overborne by the public interest in airing them. While the defendants' burden does not rise to the level of clearly demonstrating that the speech substantially interfered with official responsibilities, *Connick v. Myers*, 461 U.S. 138, 150 (1983), the record is absent evidence of any negative aftermath on the police department due to Cox's speech. While the comments were directed towards Cox's fellow officers and, if false, would not be easily rebutted by the state, these factors do not outweigh Cox's interest.

**3.     Substantial or motivating factor**

Genuine issues of material fact exist as to whether Cox's protected speech was the motivating factor in his termination. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 285-286 (1977). While his employer denied that Cox's termination was related to his speech, Cox has presented sufficient evidence to show that the counts upon which he was allegedly terminated (insubordination, failure to notify about the receipt of evidence, failure to complete mileage reports, violations of rules, regulations, and orders) were unsupported or would not ordinarily result in termination. As Cox has presented evidence to show that the counts he was convicted of were not sufficient for termination, the fact that the

4

Council considered charges related to speech indicates it may have been a motivating factor in the termination. Accordingly,

    **IT IS ORDERED** that the defendants' motion to reconsider (R. 79) is **DENIED**.

Signed on August 26, 2011

Jennifer B. Coffman
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY